UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:24-cv-80279-DMM

JANISA COOPER, and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

    Plaintiff(s),

v.

HEALTH CADDIES INC., a Florida
Corporation, and PETER PUCCIA,
Individually,

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS, HEALTH CADDIES INC. AND PETER PUCCIA**

Plaintiff, JANISA COOPER ("Plaintiff") and Opt-in Plaintiffs, LUSMARY LOPEZ [D.E. 5] [D.E. 52-2], LARRY FEREBEE [D.E. 6] [D.E. 52-3], YASMIN GOMES [D.E. 43], BORDE COSSY [D.E. 44] [D.E. 52-4], BRANDON JEAN [D.E. 53-1], KYLE GRAHAM [D.E. 53-2], and ALESSANDRO SPANO [D.E. 53-3], (Opt-in Plaintiffs")[1] by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 55 and the Order of the Court [D.E. 60] hereby files this Motion for Final Default Judgment Against Defendants, HEALTH CADDIES INC. and PETER PUCCIA ("Defendants") and in support state as follows:

I.    **FACTS**

    a.  **Pleadings**

1.    On May 21, 2024, Plaintiff filed her Amended Collective Action Complaint for Damages and Demand for Jury Trial against Defendants. *See* D.E. 20.

---

[1] Former Opt-in Plaintiff, Priscilla Simeton, has filed a withdrawal of her Consent to Join [D.E. 62].

2. The Amended Complaint alleged that Defendants misclassified Plaintiff and a collective of similarly situated Insurance Sales Agents ("ISAs") as independent contractors and failed to pay them full and proper federal overtime wages under 29 U.S.C. § 207 of the Fair Labor Standards Act ("FLSA") when they worked over forty (40) hours in a workweek. *Id.*

3. On June 26, 2024, Defendants filed their Answer and Affirmative Defenses to the Amended Complaint. *See* D.E. 28.

4. On March 21, 2024, Opt-in Plaintiffs Lusmary Lopez and Larry Ferebee filed their Consents to Sue. *See* D.E. 5-1; D.E. 6-1.

5. On August 20, 2024, Opt-in Plaintiffs Yasmin Gomes and Borde Cossy filed their Consents to Sue. *See* D.E. 43-1; D.E. 44-1.

6. On November 4, 2024, Opt-in Plaintiffs Brandon Jean, Kyle Graham, and Alessandro Spano filed their Consents to Sue. *See* D.E. 53-1; D.E. 53-2; D.E. 53-3.

   b. **Defense Counsel Withdraws**

7. On September 30, 2024, former Defense Counsel formally withdrew from representing Defendants in this case. *See* D.E. 45; *see, also*, D.E. 46.

8. Despite the Court's Order Regarding Status of Counsel for Defendants, entered on October 22, 2024 [D.E. 48], Defendants have not defended this case or participated in the litigation since September 30, 2024.

   c. **Default**

9. On December 5, 2024, the Court entered an Order Requiring Plaintiff to File Status Update Order (the "Order") directing Plaintiffs to seek a Clerk's Default by December 13, 2024, and to file a Motion for Final Default Judgment (the "Motion") within ten days thereafter because

"based on [Defendants'] inaction, it appears both Defendants do not intend on defending this suit." D.E. 60.

10. On December 12, 2024, the Clerk of Court entered a Clerk's Default against Defendants. D.E. 64.

11. Pursuant to Fed. R. Civ. P. 55(b) and the Court's Order Requiring Plaintiff to File Status Update entered on December 5, 2024, Plaintiffs file this Motion for Final Default Judgment. *See* D.E. 60.

## II. MEMORANDUM OF LAW

### a. Motion for Final Default Judgment

Federal Rule of Civil Procedure 55(b) states as follows:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. […] In all other cases, the party must apply to the court for a default judgment. […] If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an account; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

*Fed. R. Civ. P. 55(b)*.

It is well established that where a defendant fails to defend itself in an action, then the court may find that it abandoned its defenses, and then the court may enter a default judgment. *See Jackson v. Investigations & Sec. Bureau, Inc.*, 2018 WL 4603289, at *4 (M.D. Fla. Aug. 27, 2018) (granting final default judgment where party failed "to attend the pretrial conference, comply with

the Court's Orders, and otherwise participate in the litigation of this matter."); *Gonzalez v. E.M.J. Patrol & Investigations Inc.*, No. 08-23377-CIV, 2009 WL 1851098, at *1, 2 (S.D. Fla. June 29, 2009) ("[Defendant-employer] failed to retain counsel, and because a corporation cannot proceed pro se, the clerk entered a default against it. One consequence of a default is that all well-pled allegations in the complaint are taken as true."); *Kempski v. Anauel Catering Corp.*, No. 15-23127-CIV, 2015 WL 13951318, at *1 (S.D. Fla. Dec. 30, 2015) (granting FLSA plaintiff's motion for default judgment as defendant's repeated failure to comply with court orders validated the clerk's default); *Nerestant v. ASN Faith Corp.*, No. 18-22810-CIV, 2022 WL 3108998, at *1 (S.D. Fla. June 24, 2022) (granting default final judgment in FLSA case and discussing failure to comply with court order as failure to defend thereby justifying clerk default)*; see also, Hemmingway v. GA Construction Group, LLC*, 2017 WL 4083188, at *1 (S.D. Fla. Aug. 4, 2017) (Scola, J.) (holding that when in default, a defendant admits the plaintiff's well-pleaded allegations of fact); *Abreu v. Free Flow Construction, Inc.*, 2018 WL 6492902, at *1–2 (S.D. Fla. Oct. 11, 2018) (holding a default judgment may be entered where there is a sufficient basis for establishing liability, and the record reflects the basis for the award) (*citing Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Here, Defendants are in default for failing to defend themselves in this lawsuit. Once former Defense Counsel withdrew from the case, and since September 30, 2024, Defendants have not defended this case or participated in the litigation. As a result, Defendants have failed to comply with discovery requests, Court orders, and have failed to meet case management deadlines. Liability for violations of the FLSA against Defendant should therefore be deemed established. *Jackson*, 2018 WL 4603289, at *4; *Gonzalez*, 2009 WL 1851098, at *1–2; *Kempski*, 2015 WL 13951318, at *1; *Nerestant*, 2022 WL 3108998, at *1. Specifically, by entry of the Clerk's Default,

Defendants have admitted to the allegations concerning the employer-employee relationship, enterprise coverage, and the Plaintiff's entitlement to be compensated one-and-one half times his regular hourly rate for some hours worked over forty (40) in one or more workweeks of his employment. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.'"); *Gonzalez*, 2009 WL 1851098, at *2 (S.D. Fla. June 29, 2009); *Kempski,* 2015 WL 13951318, at *1 (S.D. Fla. Dec. 30, 2015); *Nerestant,* 2022 WL 3108998, at *1 (S.D. Fla. June 24, 2022).

### b. Damages

As a preliminary matter, an employer who violates the provisions of 29 U.S.C. § 207 is liable to the impacted employee(s) in the amount of the unpaid overtime compensation. *See* 29 U.S.C. § 216; *see, e.g. Gonzalez*, 2009 WL 1851098, at *2 (S.D. Fla. June 29, 2009) (granting FLSA plaintiffs' motion for default judgment and awarding unpaid overtime in addition to liquidated damages and attorneys' fees and costs); *El-Amin v. Fast Cap. Fin., LLC*, No. 1:19-CV-20982-JB, 2020 WL 7493082, at *2 (S.D. Fla. Apr. 27, 2020) (same). The employer will be liable to the impacted employee(s) in an additional equal amount as liquidated damages. *See id.* In the event of a judgment awarded to a plaintiff under 29 U.S.C. § 207, the court has the authority to award reasonable attorney's fees to be paid by the defendant, as well as costs of the action. *Id.*

In default judgment cases, the plaintiff bears the burden of proving the amount of damages to be awarded and may establish that amount by affidavit. *Id.* (holding that the plaintiff bore the burden of proving the amount of damages and that, where an employer violates its duty to keep adequate records, an employee satisfies this burden by producing "sufficient evidence to prove that he performed work for which he was improperly compensated and sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference"). An employee's

approximation of hours worked are acceptable when time records are not available. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *see, also*, *Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1242 (holding that an employee may use an approximation to ascertain damages in an FLSA case when the employer fails to produce evidence of the hours the employee worked) (Seltzer, J.).

A defaulting party is afforded the opportunity to contest damages; however, "if [an] employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the 'court may award approximate damages based on the employee's evidence.'" *Wallace v. The Kiwi Group, Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. Jan. 3, 2008) (quoting *McLaughlin v. Stineco, Inc.*, 697 F.Supp. 436, 450 (M.D. Fla. 1998)); *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes … an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

In this case, Defendants have failed to produce any time or pay records to show the amount of work performed by each Plaintiff or the number of sales made during their employment. *See* Plaintiff's Motion to Compel Responses to First Request for Production of Documents and First Request for Admissions to Defendant at D.E. 47. As a result, each Plaintiff was required to submit damage calculations based on reasonable approximations of the hours worked per week, the number of sales made per week, and the corresponding compensation owed. The approximated calculations are consistent with the principle that approximate damages may be awarded when

precise records are unavailable due to a defendant's failure to produce evidence of the hours an employee worked. *See Bautista Hernandez*, 34 F. Supp. 3d at 1242.

Moreover, an employer who seeks to avoid the imposition of liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Here, Defendants failed to carry their burden to oppose Plaintiffs' entitlement to liquidated damages. Thus, liquidated damages should be awarded. *See Hemmingway v. GA Construction Group, LLC*, 2017 WL 4083188, at *1 (S.D. Fla. Aug. 4, 2017) (Scola, J.).

### c. Damage Calculations

Plaintiffs, JANISA COOPER, LUSMARY LOPEZ, LARRY FEREBEE, YASMIN GOMES, BORDE COSSY, BRANDON JEAN, KYLE GRAHAM, and ALESSANDRO SPANO have submitted declarations stating their estimated hours worked per week and the corresponding damages. *See* Declarations of Opt-in Plaintiffs attached hereto as **Exhibits A through H**. The calculated damages align with the well-pleaded allegations in the Complaint, which are now deemed admitted as a result of Defendants' default. The Court should award each of the plaintiffs the following:

| Name | # of Weeks Worked | Overtime Hours Worked Per Week | Compensation Structure | Regular Hourly Rate (Total Compensation / Total Hours Worked) | Half-Time Rate | OT Owed | OT Owed with Liquidated Damages |
|---|---|---|---|---|---|---|---|
| Janisa Cooper | 25 | 10 | $20.00/sale | $18.00 | $9.00 | $2,250.00 | $4,500.00 |
| Lusmary Lopez | 18 | 5 | $20.00/sale | $13.33 | $6.66 | $599.40 | $1,198.80 |
| Larry Ferebee | 30 | 6.5 | $18.00/hour $7.00/sale | $29.29 | $14.65 | $2,856.75 | $5,713.50 |
| Larry Ferebee | 15 | 6.5 | $15.00/sale | $24.19 | $12.10 | $314.60 | $629.20 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Larry Ferebee | 1 | 6.5 | $30.00/hour $7.00/sale | $41.29 | $20.65 | $134.23 | $268.45 |
| Yasmin Gomes | 42 | 20 | $20.00/sale | $33.33 | $16.67 | $14,002.09 | $28,005.60 |
| Borde Cossy | 22 | 5 | $20.00/sale | $44.44 | $22.22 | $2,444.20 | $4,888.40 |
| Brandon Jean | 15 | 2 | $25.00/sale | $35.71 | $17.86 | $535.60 | $1,071.60 |
| Kyle Graham | 38 | 10 | $20.00/sale | $40.00 | $20.00 | $7,600.00 | $15,200.00 |
| Alessandro Spano | 34 | 20 | $20.00/sale | $33.33 | $16.66 | $11,328.80 | $22,657.60 |
| **Total** | ---------------------------------------------------------------------------- | | | | | $42,065.67 | $84,133.15 |

d. **Attorney's Fees and Costs**

The undersigned counsel are entitled to recover reasonable attorney's fees and costs from Defendants under the FLSA, which mandates such a recovery for prevailing parties, including those obtaining a default judgment. *See* 29 U.S.C. § 216(b); *see, also*, *Caterson v. Travel Res. Vacation Club "Inc."*, No. 19-62803-CIV, 2021 WL 1165896, *1, 4 (S.D. Fla. Jan. 13, 2021) (finding that prevailing plaintiffs include those who prevail on default judgment against a defendant employer). "Attorney fees are an integral part of the merits of FLSA cases," *Shelton v. M.P. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987), and the "purpose of the FLSA attorney fees provision is 'to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). An award of attorneys' fees under the FLSA "encourages the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134.

Reasonable attorneys' fees are calculated using the lodestar method, which multiplies the hours reasonably expended on the litigation by a reasonable hourly rate. *See Hensley v. Eckhart*, 461 U.S. 424, 433–34 (1983). A plaintiff may establish the reasonableness of an hourly rate "by producing either direct evidence of rates charged under similar circumstances or opinion evidence

8

of reasonable rates." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (emphasis omitted). The determination of a reasonable fee pursuant to [§ 216(b)] is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion. *Cabreja v. SC Maint., Inc.,* No. 8:19-CV-296-T-33CPT, 2019 WL 2931469, *1, 6 (M.D. Fla. June 19, 2019).

Generally, the reasonable number of hours expended are hours for which the court finds were reasonably spent in attaining the result for the client. *See Norman v. Hous. Author. Of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). If a district court finds that the number of hours claimed is unreasonably high, the court has two choices: (i) it may conduct an hour-by-hour analysis; or (ii) it may reduce the requested hours with an across-the-board cut. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). A court may not, however, do both. *See Bivens*, 548 F.3d at 1351-52 ("by requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested hours").

Further, there is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if their work is not duplicative and reflects distinct contributions. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1300 (11th Cir. 1988). Where more than one attorney is involved, the applicant must demonstrate that the time requested reflects the distinct contribution of each attorney, and the customary practice of multiple lawyer litigation. *See, e.g.*, ACLU of Ga. v. Barnes, 168 F.3d 423, 432 (11th Cir. 1999).

### i. Michael V. Miller, Esq.

Plaintiff's lead counsel, Michael V. Miller, Esq. ("Mr. Miller") is a Senior Attorney at USA Employment Lawyers – Jordan Richards PLLC ("USA Employment Lawyers"), which operates out of Fort Lauderdale, Florida. *See* Decl. of Michael V. Miller, Esq. attached hereto as **Exhibit I**. Mr. Miller is a licensed attorney in the State of Florida, New Jersey, and New York. *Id.* He is a

2008 graduate of the Nova Southeastern University, Shepard Broad College of Law in Davie, Florida, and was admitted to practice law in the State of Florida on April 16, 2009. Mr. Miller is admitted to practice in all state and federal courts throughout Florida, including the United States District Courts for the Southern District of Florida, the Middle District of Florida, and the Northern District of Florida. *Id.* Mr. Miller is admitted to practice before the United States District Court for the Northern District of Illinois, the United States District Court for the Southern District of New York, the United Stated District Court for the District of New Jersey, and the United States District Court for the Southern District of Texas. *Id.* Mr. Miller has also appeared as counsel in the United States District Court for the Western District of Pennsylvania (*pro hac vice*). *Id.*

The hourly rates agreed to by Plaintiff in this case for USA Employment Lawyers were $395.00 per hour for work performed by Mr. Miller, $235.00 per hour for work performed by junior associate attorney Sarah Schaefer, Esq., and $150.00 per hour for work performed by the firm's legal assistant and Intake Coordinator. *Id.*

Mr. Miller has previously been awarded $395.00 per hour for work he has performed in FLSA wage and hour cases in the Southern and Middle Districts of Florida. *See, e.g.*, *Grajeda, et. al. v. Verified Moving Pros, et. al.*, S.D. Fla. Case No. 0:22-cv-61471-WPD at D.E. 86 (adopting and approving report and recommendation by Magistrate Judge Patrick M. Hunt and finding that $395.00 per hour was reasonable for Mr. Miller); *Lam, et. al. v. BVN 16, LLC, et. al.*, Case No. 1:23-cv-21620-CMA at D.E. 54 (approving Mr. Miller at $395.00 per hour for work performed on the case); *Palmquist v. Giordano's of Kissimmee, LLC*, Case No. 6:23-cv-02386-DCI at D.E. 30 (finding that Mr. Miller's hourly rate of $395.00 was reasonable). Other courts within the Southern District of Florida have held that $450.00 per hour is a reasonable hourly rate. *See, e.g.*, *Ludwin v. Proman*, 2022 WL 82839 (S.D. Fla. Jan. 7, 2022) (Matthewman, M.J.) (awarding another attorney

with 8 years of experience $450.00 per hour as a reasonable hourly rate for the South Florida legal market); *Rosinsky v. Toorist-Tech Solutions, LLC*, 2022 WL 3370790 (S.D. Fla. Aug. 16, 2022) (Williams, J.) (affirming and adopting in full *Rosinsky v. Toorist-Tech Solutions, LLC*, 2022 WL 3370790 (S.D. Fla. July 28, 2022) (McAliley, M.J.)). There is no reason to limit an attorney's reasonable hourly rate to what would have been reasonable ten (10) years ago. *See, e.g., Levesque v. GEICO*, 2022 WL 1679224 (S.D. Fla. March 11, 2022) (Maynard, M.J.).

Every time entry billed at the rate of $395.00 per hour constitutes work performed by Mr. Miller in this case. *Id.* This is a fair and reasonable hourly rate for wage and hour litigation in Florida based upon prior hourly rates awarded to Mr. Miller and to other plaintiff's attorneys in litigation here as well as the skill required in this complex area. This is a reasonable hourly rate based upon the recovery obtained for Plaintiffs in this case, the time and effort required to bring forth Plaintiffs' claims and based on the fact that Mr. Miller has previously been awarded $395.00 per hour by other courts in Florida. *See, e.g., Palmquist*, Case No. 6:23-cv-02386-DCI at D.E. 30; *Grajeda, et. al.*, S.D. Fla. Case No. 0:22-cv-61471-WPD at D.E. 86; *Lam, et. al.*, Case No. 1:23-cv-21620-CMA at D.E. 54.

### ii. Sarah Schaefer, Esq.

Junior associate attorney, Sarah Schaefer, Esq. ("Ms. Schaefer"), was previously awarded $235.00 per hour in cases within the Southern District of Florida. *See Lam*, Case No. 1:23-cv-21620-CMA at D.E. 52. Other courts in the Eleventh Circuit have held that $275.00 per hour is a reasonable hourly rate for an attorney with similar skills and experience as Ms. Schaefer. *See, e.g.*, *Faulk v. Dimerco Express USA Corp.*, 2024 WL 3861012, at *3 (N.D. Ga. July 10, 2024) (finding $275.00 per hour was reasonable for an attorney with about one year of practice experience); *Odor v. US Glass LLC, et. al.*, Case No. 22-cv-2054-ELR (N.D. Ga. Oct. 12, 2023) (same); *Lemoine v.*

*Copalo, Inc.*, 2024 WL 1961490, at *2 (M.D. Fla. Jan. 24, 2024) (finding $275.00 per hour was reasonable for an attorney after admittance to the Florida bar in the employment law context).

### iii. Joshua Eggnatz, Esq.

Joshua Eggnatz, Esq. ("Mr. Eggnatz") is a partner at the law firm of Eggnatz Pascucci, P.A. ("EP"), which is a multi-jurisdictional law firm specializing in class actions, consumer and employee protection, and personal injury matters, in both federal and state courts. Mr. Eggnatz was previously awarded $550.00 per hour in state and federal courts within South Florida. *See, e.g. Castro v. Medicare Direct, LLC*, 23-80134, Order Granting Court Approval of FLSA Settlement (S.D. Fla. Sept. 12, 2023) ("I find that the requested fees . . . are reasonable and fair" at **$550/hour**); *Cohen v. First Premier Home Warranty* Corp., 2021-CA-012937, Order Granting Plaintiff's Mot. for Attorney Fees (15th Jud. Cir., Palm Beach County Sept. 25, 2023) (Judge Curley awarding $550/hour – finding "the amount of hours and rates submitted to be reasonable"). Mr. Eggnatz avers that the rate sought comports with prevailing market rates. *See* Decl. of Joshua Eggnatz, Esq., attached hereto as **Exhibit J**.

### iv. Legal Support Staff

Law clerks and support staff employed at USA Employment Lawyers have previously been awarded $150.00 per hour for work performed in FLSA cases. *Nobles v. Electroduct, Inc.,* No. 20-60899-CIV, 2020 WL 7211695, at *1 (S.D. Fla. Oct. 13, 2020)*; see also Carey v. EWPB LLC*, 2019 WL 13255595, at *4 (S.D. Fla. Nov. 18, 2019). Moreover, federal courts in Florida have held that $160.00 per hour is a reasonable rate for law clerks. *See, e.g., Carruthers v. Israel*, 274 F. Supp. 1345 (S.D. Fla. 2017) (Middlebrooks, J.) (citing *Bacon v. Stiefel Labs., Inc.*, 2014 WL 4825279, at *4 (S.D. Fla. 2014)).

### v. Work Performed

The second step of the lodestar analysis requires the court to determine the reasonable number of hours expended. Plaintiff maintains that the undersigned exercised billing discretion throughout this Action, particularly given Defendants' persistent refusal to comply with the Court's Orders or defend the Action. Defendants' blatant disregard of the Court's directives necessitated significant additional effort by Plaintiffs to address their misconduct, substantially increasing attorney fees and costs. Plaintiffs were compelled to vigorously prosecute this case under challenging circumstances created by Defendants, whose conduct not only complicated the litigation but also forced the expenditure of additional time and resources.

Defendants' failure to defend is evident throughout the record. On at least two occasions this Court reminded Defendants of their obligations to comply with pertinent deadlines and inform the Court of their intent to either retain counsel and/or proceed *pro se* [D.E. 9; D.E. 37]. Plaintiff was compelled to investigate and verify the address of Health Caddies Inc. after it failed to retain counsel and ceased all participation in the case following the filing of its Answer. On October 18, 2024, Plaintiff was required to compel Defendants to respond to its discovery requests, which it originally served Defendant with August 22, 2024, and August 30, 2024 [D.E. 47].

These examples illustrate only a portion of the instances that necessitated the expenditure of additional time and resources. Attached to Mr. Miller's declaration is a composite of time sheets maintained in this matter. *Id.* These time sheets have been kept in the ordinary course of business activities for the Law Firm and are a fair and accurate representation of the originals. *Id.* Mr. Miller has reviewed the content of these time sheets to ensure their accuracy. *Id.* Every timekeeper at USA Employment Lawyers – Jordan Richards PLLC is instructed to contemporaneously maintain their time when performing tasks on this matter and Mr. Miller ensured that this practice was

enforced in this case. *Id.* Each of the timekeepers submitting billing records in this case have contemporaneously kept track of their billable hours. *Id.* Mr. Miller personally oversaw the operations at the Law Firm to ensure that this practice was followed in this case. *Id.*

| Timekeeper | Hours to Date | Rate per Hour | Total Amount Billed |
|---|---|---|---|
| Michael V. Miller, Esq. | 103.96h | $395.00 | $41,235.05 |
| Jordan Richards, Esq. | .09h | $395.00 | $35.55 |
| Sarah Schaefer, Esq. | 146.30h | $275.00 | $40,232.50 |
| Ahava Livingstone, Law Clerk | 6.05h | $150.00 | $907.50 |
| Charles McGee, Law Clerk | 1.36h | $150.00 | $204.00 |

Therefore, the total amount billed by the Law Firm equates to **$82,614.60**. Likewise, EP kept detailed and contemporaneous records of the time and work it actually devoted to this matter. These records and timesheets are kept in the ordinary course of business and have been verified by Mr. Eggnatz.

| Timekeeper | Hours to Date | Rate per Hour | Total Amount Billed |
|---|---|---|---|
| Joshua Eggnatz, Esq. | 11.8h | $550.00 | $6,490.00 |
| Michael J. Pascucci, Esq. | 3.1h | $550.00 | $1,705.00 (waived) |

Accordingly, the total amount of attorney's fees sought by Plaintiffs in this case is **$89,104.60.**

### vi. Litigation Costs

Pursuant to 29 U.S.C. § 216(b), if found to have violated 29 U.S.C. § 207, the defendant is required to pay Plaintiff, the prevailing party, for the costs of the action. Here, the Law Firm incurred reasonable, taxable costs in the total amount of **$856.73**, consisting of: $405.00 (filing fee), $101.46 (service of summons on individual Defendant); $75.00 (private investigator services

to locate individual Defendant; $193.90 (service of process via secretary of state); and $81.73 (affidavit of non-service attempt). Additionally, EP incurred taxable out-of-pocket expenses in the amount of **$65.50** (postage and printing for required Court Notices and Orders to Defendants). Therefore, the total amount of litigation expenses incurred by the undersigned is **$922.23**.

### III.   CONCLUSION

WHEREFORE, for Defendants' failure to defend or otherwise meaningfully participate in this case, Plaintiffs respectfully request that the Court enter an order:

(a)   granting this Motion for Final Default Judgment in favor of all Plaintiffs and finding liability against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, for violations of the FLSA;

(b)   granting final default judgment in favor of Plaintiff, JANISA COOPER, against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, in the amount of $2,250.00 in unliquidated damages, and $2,250.00 in liquidated damages for a total amount awarded of $4,500.00;

(c)   granting final default judgment in favor of Opt-in Plaintiff, LUSMARY LOPEZ, against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, in the amount of $599.40 in unliquidated damages, and $599.40 in liquidated damages for a total amount awarded of $1,198.80;

(d)   granting final default judgment in favor of Opt-in Plaintiff, LARRY FEREBEE, against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, in the amount of $3,305.58 in unliquidated damages, and $3,305.58 in liquidated damages for a total amount awarded of $6,611.16;

(e) granting final default judgment in favor of Opt-in Plaintiff, YASMIN GOMES, against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, in the amount of $14,002.09 in unliquidated damages, and $14,002.09 in liquidated damages for a total amount awarded of $28,005.60;

(f) granting final default judgment in favor of Opt-in Plaintiff, BORDE COSSY, against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, in the amount of $2,444.20 in unliquidated damages, and $2,444.20 in liquidated damages for a total amount awarded of $4,888.40;

(g) granting final default judgment in favor of Opt-in Plaintiff, BRANDON JEAN, against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, in the amount of $535.60 in unliquidated damages, and $535.60 in liquidated damages for a total amount awarded of $1,071.60;

(h) granting final default judgment in favor of Opt-in Plaintiff, KYLE GRAHAM, against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, in the amount of $7,600.00 in unliquidated damages, and $7,600.00 in liquidated damages for a total amount awarded of $15,200.00;

(i) granting final default judgment in favor of Opt-in Plaintiff, ALESSANDRO SPANO, against Defendants, HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally, in the amount of $11,328.80 in unliquidated damages, and $11,328.80 in liquidated damages for a total amount awarded of $22,657.60;

(j) entering final judgment in favor of USA Employment Lawyers – Jordan Richards PLLC for attorneys' fees and costs in the amount of $83,471.33;

    (k)    entering final judgment in favor of Eggnatz Pascucci, P.A. for attorneys' fees and costs in the amount of $6,555.50; and

    (l)    any and all such further relief as this Court may deem just and appropriate under the circumstances.

**Dated: January 3, 2025**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC** <br> 1800 SE 10th Ave, Suite 205 <br> Fort Lauderdale, Florida 33316 <br> Tel: (954) 871-0050 <br> *Co-Counsel for Plaintiff* <br><br> By: */s/ Michael V. Miller* <br> MICHAEL V. MILLER, ESQUIRE <br> Florida Bar No. 64005 <br> Michael@USAEmploymentLawyers.com | **EGGNATZ PASCUCCI, P.A.** <br> 7450 Griffin Road, Suite 230 <br> Davie, Florida 33314 <br> Tel: (954) 889-3359 <br> *Co-Counsel for Plaintiff* <br><br> By: */s/ Joshua H. Eggnatz* <br> JOSHUA H. EGGNATZ, ESQUIRE <br> Florida Bar No. 006726 <br> JEggnatz@JusticeEarned.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 3rd day of January 2025.

By: */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 64005

## SERVICE LIST

**HEALTH CADDIES INC.**
1761 Hillsboro Blvd., Suite 203
Deerfield Beach, FL 33442

**PETER PUCCIA**
14791 Whatley Road
Delray Beach, FL 33445