# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:24-cv-80279-MIDDLEBROOKS

JANISA COOPER, and all others similarly
situated pursuant to 29 U.S.C. § 216(b),

       Plaintiff(s),

v.

HEALTH CADDIES INC., a Florida
Corporation, and PETER PUCCIA,
Individually,

       Defendants.

_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

THIS MATTER is before the Court upon Plaintiffs' Motion for Final Default Judgment Against Defendants, Health Caddies Inc. and Peter Puccia ("Motion") (DE 68), filed January 3, 2025. Having reviewed the Motion, the record, and being otherwise fully advised in the premises, the Court finds as follows:

## I.    BACKGROUND

On May 21, 2024, Plaintiff filed her Amended Collective Action Complaint for Damages and Demand for Jury Trial, alleging that Defendants misclassified Plaintiff and similarly situated Insurance Sales Agents ("ISAs") as independent contractors and failed to pay them overtime wages as required under 29 U.S.C. § 207 of the Fair Labor Standards Act ("FLSA"). (DE 20). Defendants Health Caddies Inc. and Peter Puccia, then represented by counsel, jointly filed an Answer and Affirmative Defenses on June 26, 2024. (DE 28). Plaintiffs and Opt-in Plaintiffs John Shekh, Lusmary Lopez, Larry Ferebee, Yasmin Gomes, Borde Cossy, Brandon Jean, Kyle

Graham, and Alessandro Spano subsequently filed their Consents to Sue on March 21, 2024, August 20, 2024, and November 4, 2024. (DEs 5-1, 6-1, 42-1 43-1, 44-1, 53-1, 53-2, 53-3).

On September 30, 2024, I granted Defendants' Counsel's Motion to Withdraw from this case due to irreconcilable differences with his clients, Health Caddies Inc. and Peter Puccia. (DE 46). Defendants have since ceased to participate in this litigation. On October 22, 2024, I ordered Defendants to retain new counsel or otherwise respond. (DE 48). Defendants failed to comply and continue to be missing from this litigation, with or without counsel. On December 5, 2024, I permitted Plaintiffs to move for Clerk's Entry of Default against Defendants and required Plaintiffs to move for Final Default Judgment within 10 days thereafter. (DE 60). On December 12, 2024, the Clerk of Court entered a Clerk's Default against the Defendants for their failure to appear or otherwise defend this action. (DE 64).

On December 20, 2024, I granted Plaintiffs an extension of time to file for Default Judgment after not being able to contact their final opt-in Plaintiff, Johin Shekh to receive his affidavit of damages for the purposes of the Final Default Judgment Motion. (DE 66). Because they could no longer contact Mr. Shekh and because his lack of a response was holding up the rest of this litigation, Plaintiffs' Counsel thereafter moved to withdraw as counsel for this Plaintiff, Johin Shekh, which I granted. (DE 69). Finally, on January 3, 2025, Plaintiffs filed their Motion for Default Final Judgment, which includes all of the Opt-In Plaintiffs and Ms. Cooper, the original Plaintiff. As Mr. Shekh's whereabouts are currently unknown, and since he has not made any other efforts to litigate this case following his lawyer's withdrawal, any potential damages he incurred are not included in this Order.

## II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55, entry of default judgment is appropriate when a defendant fails to plead or otherwise defend against claims asserted against them. Upon default, the well-pleaded factual allegations in the complaint are deemed admitted, except for those relating to damages. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009).

In this case, Defendants have failed to adequately defend themselves in the litigation. Since September 30, 2024, Defendants have failed to comply with this Court's orders, discovery requests and obligations, and have failed to meet case management deadlines. Accordingly, Defendants have abandoned their pleaded defenses, and a final default judgment is proper.[1]

Defendants' default therefore constitutes an admission of the following allegations:

(a) Defendants were covered employers under the FLSA and operated an enterprise engaged in commerce or the production of goods for commerce;

(b) Plaintiff and Opt-in Plaintiffs were employees under the FLSA, misclassified as independent contractors;

(c) Defendants failed to pay Plaintiffs overtime wages for hours worked over 40 in a workweek;

(d) Defendants failed to maintain proper records of hours worked and wages paid, in violation of the FLSA;

---

[1] Plaintiffs provide the following district court cases from this circuit in support of this proposition, which I agree to follow. *See Jackson v. Investigations & Sec. Bureau, Inc.*, 2018 WL 4603289, at *4 (M.D. Fla. Aug. 27, 2018) (granting final default judgment where party failed "to attend the pretrial conference, comply with the Court's Orders, and otherwise participate in the litigation of this matter."); *Gonzalez v. E.M.J. Patrol & Investigations Inc.*, No. 08-23377-CIV, 2009 WL 1851098, at *1, 2 (S.D. Fla. June 29, 2009) ("[Defendant-employer] failed to retain counsel, and because a corporation cannot proceed pro se, the clerk entered a default against it. One consequence of a default is that all well-pled allegations in the complaint are taken as true."); *Kempski v. Anauel Catering Corp.*, No. 15-23127-CIV, 2015 WL 13951318, at *1 (S.D. Fla. Dec. 30, 2015) (granting FLSA plaintiff's motion for default judgment as defendant's repeated failure to comply with court orders validated the clerk's default).

(e)     These violations were committed willfully and intentionally; and

(f)     Plaintiffs' Counsel is entitled to attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

These admissions establish Defendants' liability under 29 U.S.C. § 207. Pursuant to 29 U.S.C. § 216, Plaintiffs are now entitled to recover their unpaid overtime wages and liquidated damages equal to the amount of unpaid wages. *See* 29 U.S.C. § 216(b). Defendants have failed to provide evidence of good faith or reasonable grounds to contest liability or avoid liquidated damages. Plaintiffs have submitted evidence, including sworn declarations and damage calculations, demonstrating the amount of unpaid overtime wages owed, supporting an award of liquidated damages.

## A. Damages

I find that Plaintiffs have established damages through reasonable approximations, as fully set forth in the Motion for Final Default Judgment (DE 68 at 5-8), because of Defendants' failure to provide time and payroll records, consistent with FLSA precedent. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1242 (S.D. Fla. 2014).

## B. Attorneys Fees and Litigation Costs

Under the FLSA, Plaintiffs' counsel are entitled to recover their reasonable attorney's fees and costs from Defendants after being determined to be the prevailing party, including by obtaining default judgment. *See* 29 U.S.C. § 216(b); *see also Caterson v. Travel Res. Vacation Club "Inc."*, No. 19-62803, 2021 WL 1165896, at *1, *4 (S.D. Fla. Jan. 13, 2021) (finding that prevailing plaintiffs include those who prevail on default judgment against a defendant employer). "Attorney fees are an integral part of the merits of FLSA cases," *Shelton v. M.P. Ervin*, 830 F.2d

182, 184 (11th Cir. 1987), and the "purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). An award of attorneys' fees under the FLSA "encourages the vindication of congressional identified policies and rights." *Fegley*, 19 F.3d at 1134.

According to the Eleventh Circuit, the only two statutory requirements for an award of attorney's fees are that the fee award should be made to the prevailing party, and that the amount should be reasonable. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 853 (11th Cir. 1990). "The proper approach in applying a federal fee-shifting statute . . . is to take a reasonable number of hours and multiply it by a reasonable fee and thereby create a 'lodestar.'" *Johnston v. Borders*, 36 F.4th 1254, 1282 (11th Cir. 2022). Under the lodestar method, the Court must first determine whether the fee applicant has satisfied the burden of establishing that the requested hourly rates are reasonable. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of establishing a reasonable hourly rate, which is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Am. Civil. Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

"In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client

or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted). However, the Court may also use its own experience in assessing the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999).

In assessing whether an attorney billed reasonable hours, "[r]edundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended." *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 910-11 (11th Cir. 2010). The lodestar may then be adjusted after considering other factors, such as the results obtained. *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 713 (11th Cir. 2014) (citations omitted). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here Plaintiffs seek attorney's fees in various amounts for the work done by lead counsel Michael Miller, senior attorney at USA Employment Lawyers – Jordan Richards PLLC ("USA Employment Lawyers") along with Mr. Miller's legal team in the amount of $82,614.60, as well as co-counsel Eggnatz Pascucci, P.A., led by Joshua Eggnatz, Esq in the amount of $6,490.00.

Plaintiffs represent that within USA Employment Lawyers, lead counsel Michael V. Miller, Esq. billed 103.96 hours at a rate of $395.00 per hour for a total of $41,235.05, Jordan Richards, Esq. billed .09 hours at the same rate for a total of $35.55, Sarah Schaefer, Esq. billed 146.30 hours at a billable rate of $275.00 per hour for a total of $40,232.50, law clerk Ahava Livingstone billed 6.05 at a rate of $150.00 for a total of $907.50 and Charles McGee, law clerk

billed 1.36 hours at the same rate for a total of $204.00. For Eggnatz Pascucci, P.A., attorney Joshua Eggnatz, Esq. billed 11.8 hours at a rate of $550.00 per hours for a total of $6,490.00 and the law firm waived $1,705.00 billed by attorney Michael J. Pascucci, Esq. (DE 68).

As Defendants have not appeared I this case, they have not challenged either the rate or number of hours worked as unreasonable. On review of counsel's qualifications and description of tasks done (DE 68-9; DE 68-10), I find that both the fees and costs requested by Plaintiffs' counsel Eggnatz Pascucci, P.A. to be reasonable.

As to USA Employment Lawyers, I decide to issue a 20% across the board cut for the $82,614.60 amount requested. I do this, not because I doubt Plaintiffs' attorneys worked diligently and expeditiously on this case, or because I doubt Plaintiffs' attorneys' hourly rate or experience, but because of "the amount involved and the results obtained" in this case. *Bivins*, 548 F.3d at 1350 n.2. The total award for Plaintiffs in this case is $84,133.15. Plaintiffs' counsel requests an amount nearly equal to the entire judgment in this case, where there was no significant substantive work done in the case, in terms of motion practice or hearings or the like. A review of the time logs shows a large amount of time corresponding with clients and opposing counsel, conducting research for various smaller filings including clerk's waiver of default, drafting final default judgment affidavits, drafting motions for extension of time, and reviewing filings. (DE 68-9). I find that an across the board cut of $16,522.92 is appropriate to more closely align the attorney fees collected with the nature of the case and the relative lack of complexity of the substantive work done during this litigation. Thus, USA Employment Lawyers are entitled to $66,091.68.

Moreover, USA Employment Lawyers seeks $856.73 in taxable costs which consist of the following: $405.00 filing fee, $101.46 for service of summons on Defendant Puccia, $75.00 for private investigator to locate Puccia, $193.90 for service of process via the secretary of state, and

$81.73 for the affidavit of non-service attempt.  (DE 68 at 14-15).  Eggnatz Pascucci, Pa. seeks $65.60 for postage and printing for mailing court notices and orders to Defendants.  I find that counsel is entitled to recouping these reasonable costs under 29 U.S.C. § 216(b).

### III.    CONCLUSION

Accordingly, it is **ORDERED:**

1.  The Motion for Default Final Judgment (DE 68) is **GRANTED**.

2.   Final Judgment reflecting the following sums will be entered in favor of Plaintiffs, by separate order:

   a.   Plaintiff JANISA COOPER in the amount of **$4,500.00**, which represents $2,250.00 in unpaid overtime and $2,250.00 in liquidated damages, against Defendants HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally.

   b.   Opt-in Plaintiff LUSMARY LOPEZ in the amount of **$1,198.80**, which represents $599.40 in unpaid overtime and $599.40 in liquidated damages, against Defendants HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally.

   c.   Opt-in Plaintiff LARRY FEREBEE in the amount of **$6,611.16**, which represents $3,305.58 in unpaid overtime and $3,305.58 in liquidated damages, against Defendants HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally.

   d.   Opt-in Plaintiff YASMIN GOMES in the amount of **$28,005.60**, which represents $14,002.09 in unpaid overtime and $14,002.09 in liquidated damages, against Defendants HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally.

   e.   Opt-in Plaintiff BORDE COSSY in the amount of **$4,888.40**, which represents $2,444.20 in unpaid overtime and $2,444.20 in liquidated damages, against Defendants HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally.

f.  Opt-in Plaintiff BRANDON JEAN in the amount of **$1,071.60**, which represents $535.60 in unpaid overtime and $535.60 in liquidated damages, against Defendants HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally.

g.  Opt-in Plaintiff KYLE GRAHAM in the amount of **$15,200.00**, which represents $7,600.00 in unpaid overtime and $7,600.00 in liquidated damages, against Defendants HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally.

h.  Opt-in Plaintiff ALESSANDRO SPANO in the amount of **$22,657.60**, which represents $11,328.80 in unpaid overtime and $11,328.80 in liquidated damages, against Defendants HEALTH CADDIES INC. and PETER PUCCIA, jointly and severally. Interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961.

i.  Further, the Court has determined that Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Judgment hereby is entered in favor of USA Employment Lawyers in the amount of $66,091.88 for attorneys' fees and $856.73 in taxable costs, and in favor of Eggnatz Pascucci, P.A. in the amount of $6,490.00 for attorneys' fees and $65.50 in taxable costs.

**SIGNED** in Chambers at West Palm Beach in the Southern District of Florida, this 25 day of January, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Health Caddies Inc., Pro Se
1761 Hillsboro Blvd., Suite 203

Deerfield Beach, FL 33442

Peter Puccia, Pro Se
14791 Whatley Road
Delray Beach, FL 33445